IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LLOYD TRACKWELL,

        Plaintiff,

    v.

JARY HOMAN, Clerk of the Circuit
Court of Wallowa County, Oregon

        Defendant.

No. 3:16-cv-00496-HZ

OPINION & ORDER

Lloyd Trackwell
4830 Woodhaven Dr.
Lincoln, NE 68516

    Plaintiff Pro Se

HERNÁNDEZ, District Judge:

    Pro se Plaintiff Lloyd Trackwell brings this action against Defendant Jary Homan. Plaintiff moves to proceed *in forma pauperis*. The Court grants the motion. However, for the reasons explained below, the Court dismisses the Complaint with prejudice.

1- OPINION & ORDER

STANDARDS

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

> (B) the action or appeal–
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); see also Neitzke v. Williams, 490 U.S. 319, 324 (1989) (*sua sponte* dismissals under section 1915 "spare prospective defendants the inconvenience and expense of answering" complaints which are "frivolous, malicious, or repetitive"); Lopez v. Smith, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by inmates). A complaint is frivolous "where it lacks an arguable basis in law or in fact." Neitzke, 490 U.S. at 325; Jackson v. State of Ariz., 885 F.2d 639, 640 (9th Cir. 1989).

As the Ninth Circuit has instructed, however, courts must "continue to construe pro se filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A pro se complaint "'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam)). A pro se litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. Lopez, 203 F.3d at 1130–31.

DISCUSSION

I.  Allegations

Plaintiff filed his complaint on March 22, 2016, alleging that Defendant, the clerk of the Circuit Court of Wallowa County, Oregon, deprived him of his First, Fifth, and Fourteenth Amendment rights in violation of 42 U.S.C. § 1983. Compl. ¶¶ 20, 22, ECF 2. The complaint

2- OPINION & ORDER

alleges that Defendant unlawfully refused to accept Plaintiff's petition for post-conviction relief without Plaintiff first paying a $225.00 filing fee.

Oregon law provides that:

> A proceeding for post-conviction relief pursuant to ORS 138.510 (Persons who may file petition for relief) to 138.680 (Short title) shall be commenced by filing a petition and two copies thereof . . . with the clerk of the circuit court for the county in which the petitioner's conviction and sentence was rendered. <u>Except as otherwise provided in ORS 138.590 (Petitioner may proceed as a financially eligible person), the petitioner must pay the filing fee established under ORS 21.135 (Standard filing fee) at the time of filing a petition under this section.</u> If the petitioner prevails, the petitioner shall recover the fee pursuant to the Oregon Rules of Civil Procedure. The clerk of the court in which the petition is filed shall enter and file the petition and bring it promptly to the attention of such court.

Or. Rev. Stat § (O.R.S.) 138.560(1) (emphasis added). In order to proceed as a "financially eligible person," the petitioner must file with the petition "an affidavit stating inability to pay the expenses of a proceeding . . . including, but not limited to, the filing fee required by ORS 138.650[.]" O.R.S. 138.590(2). "If the circuit court is satisfied that the petitioner is unable to pay such expenses or to employ suitable counsel, it shall order that the petitioner proceed as a financially eligible person." <u>Id.</u>

Plaintiff contends that he filed his petition for relief, along with a motion for appointment of counsel and an affidavit regarding inability to pay, in accordance with Oregon law. Compl. ¶ 5. However, according to Plaintiff, Defendant "has failed, refused and omitted to file said petition and the Accompanying motions upon the docket of the court and to bring said petition [t]o the attention of the court." <u>Id.</u> at ¶ 15. Plaintiff attaches a letter he received from the "Circuit Court Clerk" of Union and Wallowa Counties, which states:

///

3- OPINION & ORDER

> Dear Mr. Trackwell,
>
> The Court has received your paperwork for Post Conviction relief. Upon receipt of the $252 filing fee the court will file your case.
>
> Thank you,
> Circuit Court Clerk

Compl. Ex. 2.

> Plaintiff requests that this Court grant him relief as follows:
>
> (a) A declaratory judgment declaring that Plaintiff by delivering to the Clerk his original Petition for Postconviction Relief and two copies thereof as required by ORS 138.560 along with an affidavit meeting the requirements of ORS 138.590(2) has met all the requirements for filing a Petition for Postconviction Relief and is therefore entitled under Oregon law to have said Petition filed upon the docket of the Circuit Court of Wallowa County, Oregon without first tendering to the clerk the filing fee of $252.00;
>
> (b) An order directing the Defendant Clerk to immediately file Plaintiff's Petition for Postconviction Relief upon the docket of the Circuit Court of Wallowa County, Oregon;
>
> (c) To correct the records of the Circuit Court of Wallowa County to reflect that the proper filing date of Plaintiff's petition is February 29, 2016; and
>
> (d) To forward and/or bring Plaintiff's petition for postconviction relief to the attention of the Circuit Court of Wallowa, Oregon so that Plaintiff may have his claim for postconviction relief adjudicated,
>
> (e) All such further relief as this court deems appropriate.

Compl. 9.

II.     Violations of 42 U.S.C. § 1983

Section 1983 creates a cause of action against any person who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution and laws of the United States. It is not a source of substantive rights but merely a method for vindicating federal rights established elsewhere. <u>Graham v. Connor</u>, 490 U.S. 386, 393–94 (1989). To succeed on a claim under § 1983, a plaintiff must show "(1) that a right secured by the Constitution or the laws of the United States was violated, and (2) that the alleged violation was

committed by a person acting under color of State law." Long v. Cnty. of L.A., 442 F.3d 1178, 1185 (9th Cir. 2006).

Plaintiff alleges that Defendant, acting under color of Oregon law by virtue of her position as Clerk of the Circuit Court of Wallowa County, deprived him of his First, Fifth, and Fourteenth Amendment rights by requiring Plaintiff to pay a filing fee before filing his petition for post-conviction relief. For this alleged wrong, Plaintiff seeks declaratory and injunctive relief. In essence, Plaintiff asks the Court for a declaration that Plaintiff has met the requirements for filing his petition and an order that the Circuit Court accept his petition without a filing fee.

Even taking all of the facts as alleged by Plaintiff as true, this Court would be unable to award Plaintiff any of the relief he requests. First, Defendant is immune from Plaintiff's action. See, e.g., Rogers v. Fitzgerald, 889 F.2d 1096 (9th Cir. 1989); Mullis v. U.S. Bankr. Court for Dist. of Nevada, 828 F.2d 1385 (9th Cir. 1987). In Mullis, the Ninth Circuit held that court clerks have absolute quasi-judicial immunity in suits seeking declaratory or injunctive relief "when they perform tasks that are an integral part of the judicial process." Mullis, 828 F.2d at 1390-94. Here, the Defendant's alleged conduct in screening Plaintiff's filing is an integral part of the judicial process. Mullis, 828 F.2d at 1390. As the Ninth Circuit explained, "the clerk of court and deputy clerks are the officials through whom such filing is done" and "a mistake or an act in excess of jurisdiction does not abrogate such immunity even if it results in 'grave procedural errors.'" Id. (quoting Stump v. Sparkman, 435 U.S. 349, 359 (1978)). The Court also notes that, based on the letter Plaintiff attaches to his complaint, there is no evidence that Defendant acted outside the bounds of her "normal judicial responsibilities."

Furthermore, even if Defendant were not immune, this Court does not have the authority to grant the relief Plaintiff requests. Plaintiff requests that the Court declare that Plaintiff is

5- OPINION & ORDER

entitled to file his petition without first tendering to the clerk a filing fee and order Defendant to file his petition. However, Oregon law clearly delegates such authority to the Circuit Court. See O.R.S. 138.590(2) ("If the circuit court is satisfied that the petitioner is unable to pay such expenses or to employ suitable counsel, it shall order that the petitioner proceed as a financially eligible person."). State laws "prescribe a clear, mandatory sequence of events when a petition for post-conviction relief is filed, along with a motion to appoint counsel and an affidavit of indigency. The [State] court must first determine whether it is satisfied that the petitioner is unable to pay the cost of employing suitable counsel." Kumar v. Schiedler, 128 Or. App. 572, 576, 876 P.2d 808, 810 (1994) (emphasis added).

Finally, to the extent Plaintiff's claims do not otherwise fail, abstention is appropriate. In Younger v. Harris, 401 U.S. 37, 43-44 (1971), the Supreme Court advanced the position that federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances. "In determining whether abstention is proper, the court must examine: (1) The nature of the state proceedings in order to determine whether the proceedings implicate important state interests, (2) the timing of the request for federal relief in order to determine whether there are ongoing state proceedings, and (3) the ability of the federal plaintiff to litigate its federal constitutional claims in state proceedings." Baffert v. California Horse Racing Bd., 332 F.3d 613, 617 (9th Cir. 2003). An exception to abstention applies if the state proceedings demonstrate "bad faith, harassment, or some other extraordinary circumstances that would make abstention inappropriate." Id. at 332 (internal quotation marks omitted).

Here, Plaintiff's claim stems from actions taken by Defendant in relation to his state court case. To allow Plaintiff's case to proceed in federal court would require this Court to interfere in ongoing state court proceedings, which this Court will not do absent extraordinary

6- OPINION & ORDER

circumstances. See id. (noting that Younger abstention applies to actions seeking to enjoin pending state court proceedings if an important state interest is involved.).

III.     Leave to Amend

For all of the reasons above, the Complaint must be dismissed. Furthermore, because Defendant is subject to absolute quasi-judicial immunity, the Complaint is dismissed with prejudice, as amendment would be futile. See Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."); but see Carrico v. City and Cnty. of San Francisco, 656 F.3d 1002, 1008 (9th Cir. 2011) (leave to amend is properly denied "if amendment would be futile").

## CONCLUSION

Plaintiff's application to proceed *in forma pauperis* [1] is granted, but Plaintiff's Complaint [2] is dismissed with prejudice.

IT IS SO ORDERED.

Dated this \_\_\_14\_\_\_ day of \_\_\_April_____, 2016.

_____
MARCO A. HERNÁNDEZ
United States District Judge

7- OPINION & ORDER