IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LLOYD TRACKWELL,

        Plaintiff,

    v.

JARY HOMAN, Clerk of the Circuit
Court of Wallowa County, Oregon

        Defendant.

No. 3:16-cv-00496-HZ

OPINION & ORDER

Lloyd Trackwell
4830 Woodhaven Dr.
Lincoln, NE 68516

    Plaintiff Pro Se

HERNÁNDEZ, District Judge:

    Pro se Plaintiff Lloyd Trackwell moves for reconsideration of this Court's Opinion & Order and Judgment dismissing his case with prejudice. Pursuant to Federal Rules of Civil Procedure 59 and 60, Plaintiff asks the Court to reinstate the case and allow Plaintiff to proceed. The Court denies Plaintiff's motion.

1- OPINION & ORDER

BACKGROUND

On April 14, 2016, this Court granted Plaintiff's application to proceed *in forma pauperis* but dismissed Plaintiff's complaint with prejudice. Opinion & Order, April 14, 2016, ECF 6. The Court explained that it was unable to award Plaintiff the relief he requests—a declaration that Plaintiff met the requirements for filing his petition for post-conviction relief in the Circuit Court of Wallowa County and an order that the Circuit Court accept his petition without a filing fee. Id. The Court found that Defendant was immune from Plaintiff's action, the Court did not have the authority to grant Plaintiff the requested relief, and the Court would abstain from interfering with pending state judicial proceedings. Id.

Plaintiff filed a motion for reconsideration of this Court's opinion on May 13, 2016. However, because the motion was incomplete, the Court granted Plaintiff additional time to file an amended motion. On June 7, 2016, Plaintiff filed an amended motion for reconsideration.

STANDARDS

Under Federal Rule of Civil Procedure 59(e), a party may move to have the court amend its judgment within twenty-eight days after entry of the judgment. "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011). "But amending a judgment after its entry remains an extraordinary remedy which should be used sparingly." Id. (internal quotation marks omitted). In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such

2- OPINION & ORDER

motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law. Id.

The moving party under Rule 60(b) is entitled to relief from judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment. See Fed. R. Civ. P. 60(b); Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001).

## DISCUSSION

In his motion for reconsideration, Plaintiff contends that the dismissal of his case "constituted clear error and was manifestly unjust." Pl.'s Mot. 4, ECF 10. Plaintiff primarily repeats arguments that this Court has already rejected.

Plaintiff argues that this Court's reliance on Rogers v. Fitzgerald, 889 F.2d 1096 (9th Cir. 1989) is misplaced because Rogers "dealt with a claim for civil damages." Id. This Court cited Rogers for the proposition that Defendant is immune from Plaintiff's action. In Rogers, the plaintiff claimed that court clerks acted beyond their authority when they rejected his habeas petition for failure to comply with a local court requirement that pro se prisoners seeking habeas relief concurrently submit motions for leave to proceed in forma pauperis. Id. at 1. The Ninth Circuit expressly declined to address Rogers' claim because it concluded that the court personnel were immune from Rogers' action. Id. The Court cited Mullis v. U.S. Bankruptcy Court, Dist. of Nevada, 828 F.2d 1385, 1390 (9th Cir. 1987) in support of its conclusion that such immunity extended to shield court clerks from suits seeking declaratory or injunctive relief. Id. Therefore,

3- OPINION & ORDER

Plaintiff's argument that Rogers only addressed claims for civil damages is incorrect. Plaintiff's challenge to this Court's reliance on Mullis fails for the same reason.

Plaintiff cites a portion of a ruling from the District Court in the Eastern District of Kentucky, in which the court found that plaintiffs could proceed in a suit for injunctive relief against Rowan County Clerk Kim Davis. See Miller v. Davis, 123 F. Supp. 3d 924 (E.D. Ky. 2015). The Davis court issued a preliminary finding that Ms. Davis acted for the State of Kentucky, not as a final policymaker for Rowan County, when issuing marriage licenses. Id. at 933. Accordingly, the plaintiffs' suit to enjoin Ms. Davis to conform her future conduct to the requirements of federal law was permissible under Ex Parte Young, 209 U.S. 123 (1908). Id. The court explained that the Ex Parte Young doctrine was a narrow exception to the general rule that the Eleventh Amendment bars plaintiffs from bringing suit against a state or its officials. Id. This Court fails to see how Davis alters this Court's reasoning. The Eleventh Amendment was not raised by this Court in its prior Opinion & Order as a reason for barring Plaintiff's claims.

Plaintiff's mere disagreement with this Court's prior conclusions is an insufficient reason for the Court to reconsider its decision to dismiss Plaintiff's complaint with prejudice.

///

///

///

///

4- OPINION & ORDER

CONCLUSION

Plaintiff's Amended Motion for Reconsideration [10] is DENIED. Any pending motions are denied as moot.

IT IS SO ORDERED.

Dated this \_\_\_24\_\_\_ day of \_\_\_\_June_____, 2016.

_____/s/ Marco Hernández_____
MARCO A. HERNÁNDEZ
United States District Judge

5- OPINION & ORDER